*Monday, August 29, 1994*
## MOTION DOCKET

**92–1257.** State v. Woodard. *Cuyahoga County,* No. 61171. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted, effective August 24, 1994.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning July 18, 1994, and ending January 18, 1995, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

## RECONSIDERATION DOCKET

**93–1273.** Lunar v. Cleveland. *Cuyahoga County,* No. 61968. Reported at 69 Ohio St.3d 673, 635 N.E.2d 357. This cause came on for further consideration upon appellees' motion for reconsideration. Upon consideration of appellees' motion to withdraw its motion for reconsideration,

IT IS ORDERED by the court that the motion to withdraw motion for reconsideration be, and the same is hereby, granted, effective August 25, 1994.

## MISCELLANEOUS DISMISSALS

**94–881.** State ex rel. First Am. Title Ins. Co. v. Sage. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relators' application for dismissal,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective August 26, 1994.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**94–1218.** W.D.I.A. Corp. v. Pub. Util. Comm. Public Utilities Commission, No. 91–1905–TP–CSS. This cause is pending before the court as an appeal from the Public Utilities Commission of Ohio. On July 8, 1994, the record was filed in the Supreme Court. It appears from the records of this court that appellant has not filed a merit brief and supplement to the brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective August 24, 1994.

IT IS FURTHER ORDERED that the appellee recover from the appellant its costs herein expended; that a mandate be sent to the Public Utilities Commission of Ohio to carry this judgment into execution; and that a copy of this entry be certified to the Public Utilities Commission of Ohio for entry.